# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. ROSE, JR., <br> aka "Jason E. Roman, III" <br><br> Petitioner, <br><br> v. <br><br> STATE OF CALIFORNIA, <br><br> Respondent. | Case No.: 21-cv-0267-CAB-BGS <br><br> **ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION WITHOUT PREJUDICE** |

Petitioner, proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

## REQUEST TO PROCEED IN FORMA PAUPERIS

Petitioner attests that he is unemployed, living on a small fixed income and food stamps and has insufficient funds on account to afford the $5.00 filing fee. (ECF No. 2.) The Court therefore **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security. The Clerk of

///

1 the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the
2 filing fee.

### FAILURE TO STATE A COGNIAZABLE CLAIM

The Petition must be dismissed under Rule 4 of the rules governing § 2254 cases because Petitioner has failed to allege that he is in custody after suffering a state court conviction or sentence that violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, Petitioner claims that he was extradited to California from the state of Georgia sometime in the mid-1970s to face charges in San Diego County. (*See* Pet., ECF No. 1 at 2–3.) While Petitioner indicates, somewhat vaguely, that he was ultimately convicted in San Diego Superior Court, he does not provide any information as to whether he is still serving a sentence pursuant to that conviction in any capacity. Nor does Petitioner claim his conviction or sentence was in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

### a.     Failure to Allege Custody

First, based on review of the documents filed in this case, it appears Petitioner is not in the custody of the State of California, nor was he when he filed the Petition. Petitioner failed to include a "place of incarceration" on his in forma pauperis application form (*see* ECF No. 2 at 1), and on the civil cover sheet, Petitioner listed his current address as "911 Barnsdale Rd., Allentown, PA 18103." (Pet. Civ. Cover Sheet, ECF No. 1-1.) Furthermore, Petitioner does not allege anywhere in the Petition or its attachments that he was on parole or otherwise in constructive custody at the time of filing. (*See* Pet., ECF No. 1.)

"Subject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody pursuant to the judgment of a State.'" *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994); *see also* 28 U.S.C. § 2241(c)(3). It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a)); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

As noted above, while not entirely clear from the Petition, it appears Petitioner is attempting to challenge his extradition to California from Georgia, which apparently took place in the mid-1970s. He claims the state of California had "no legal papers" to transport him across state lines after he was arrested in Georgia, sometime in "1974 or 1973." (*See* Pet., ECF No. 1, Ex. A at 9.) Petitioner may not challenge the constitutional validity of his extradition because it appears he is no longer in actual custody pursuant to a warrant or subsequent conviction and does not allege he was in constructive custody (e.g., parole or probation) at the time he filed the Petition in this case. *See Brock*, 31 F.3d at 889. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an

individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 290 U.S. at 490; *see Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th Cir. 1990) (stating that an expired conviction cannot satisfy the "in custody" requirement).

### b. Failure to Allege Constitutional Violation

Petitioner also fails to state a cognizable claim because he has not alleged a constitutional violation. As noted above, Petitioner appears to challenge the propriety of his extradition to California some 45 years ago, after which it appears he was convicted of homicide. (Pet., ECF No. 1 at 3.) He has not, however, claimed that his Constitutional rights were violated. Instead, he is "demanding that all criminal charges of homicide be purged from his criminal records" because he was "unlawfully removed from the State of Georgia and placed on trial. . .without a scintilla of evidence." (*Id.* at 3–4.) In no way does Petitioner claim he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

Rule 4 of the Rules Governing § 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . .." Rule 4, 28 U.S.C. foll. § 2254. Here, it is plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he was not in the custody of the State of California when he filed his § 2254 Petition in this Court. Accordingly, the Court dismisses the action.

Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case. He must exhaust state judicial remedies before bringing his claims via federal habeas. State prisoners who wish to challenge their state court conviction must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme

Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court judicial remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365–66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id.* (emphasis added).

Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996, a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

/ / /

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The Court also notes that the statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's application to proceed in forma pauperis and **DISMISSES** this action because Petitioner has failed to satisfy the custody requirement and failed raise a cognizable federal claim. *See* 28 U.S.C. §§ 2241(c)(3), 2254(a). In order to proceed with this case, Petitioner must, **no later than April 30, 2021**, file a First Amended Petition that raises a cognizable federal claim and demonstrates he was in actual custody or constructive custody (i.e., probation or parole) at the time he filed the Petition in this case.

**IT IS SO ORDERED.**

Dated:  March 1, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge