# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. ROSE, JR, aka "Jason E. Roman, III", <br><br> Petitioner, <br><br> v. <br><br> STATE OF CALIFORNIA, <br><br> Respondent. | Case No.: 3:21-cv-0267-CAB-BGS <br><br> **ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND DISMISSING CASE WITHOUT LEAVE TO AMEND** |

On February 8, 2021, Petitioner, proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. On March 1, 2021, the Court granted Petitioner's application to proceed in forma pauperis but dismissed the Petition without prejudice because Plaintiff failed to state a cognizable federal claim and failed to allege he was in custody at the time of filing, as required under 28 U.S.C. § 2254. (*See* Order, ECF No. 3 at 3–5, citing *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994) ("Subject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody pursuant to the judgment of a State.'").) The Court notified Petitioner that in order to have his case reopened, he needed to file a First Amended Petition which cured the pleading deficiencies outlined in the Order, no later than April 30, 2021. (*Id.* at 6.)

On March 5, 2021, Petitioner filed a "Motion to Clarify" the ruling in which he argued the Court improperly construed his Petition entitled "Manifest Injustice or Habeas Corpus" as one filed under 28 U.S.C. § 2254. (ECF No. 5.) In its March 9, 2021 Order, the Court noted it "is unaware of anything known as a 'Petition for Manifest Injustice'" and stated that "unless Petitioner complies with the requirements set out in the dismissal order, this action shall remain dismissed." (Order, ECF No. 6 at 2.)

Petitioner failed to file a First Amended Petition by the April 30, 2021 deadline. On April 14, 2021, however, Petitioner filed a document entitled "Petition for Writ of Error Coram Nobis and Pursuant to Rule 60(b)(4)," which this Court construes as a Request for Relief from Judgment. (ECF No. 9 at 1.) Petitioner filed an "Addendum" to his request on May 12, 2021. (ECF No. 11.)

**PETITION FOR WRIT OF ERROR CORAM NOBIS AND RULE 60(b)**

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment based on: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Here, Petitioner appears to argue he is entitled to relief under Rule 60(b)(4) because "the judgment was void." (*See* ECF No. 9 at 1; *see also* ECF No. 11.) It is unclear whether Petitioner's reference to Rule 60(b)(4) is an attempt to argue that this Court's March 1, 2021 Dismissal Order is "void" or that his underlying state court conviction should be deemed "void." Regardless, Petitioner makes no argument to support his contention that the Court's order dismissing his petition without prejudice is "void" under Rule 60(b)(4). Furthermore, were the Court to construe the Petition as a motion for relief from Petitioner's state court judgment pursuant to Federal Rule of Civil

Procedure 60(b), jurisdiction would be lacking. "[N]either Rule 60(b) per se nor, for that matter, any other of the Federal Rules of Civil Procedure was ever designed to apply to proceedings in other than the United States District Courts." *Washington-Baltimore Newspaper Guild, Local 35 v. Washington Post Co.*, 442 F.2d 1234, 1239 (D.C. Cir. 1971) (citing Fed. R. Civ. P. 1). "While Rule 60(b) can be used to relieve a party from a final judgment, order, or proceeding issued by the United States District Court, it cannot be used to relieve [a petitioner] of an order, judgment or proceeding issued by a state court . . .." *Smalling v. Arizona*, No. CV 09-1062-PHX-MHM (DKD), 2009 WL 2177318, at *2 (D. Ariz. July 21, 2009). A motion pursuant to Rule 60(b) is not an appropriate vehicle for Petitioner's challenge to his state-court criminal conviction, and the Court lacks jurisdiction to entertain the motion. *See id*. (denying Rule 60(b) motion for lack of jurisdiction).

Moreover, to the extent Petitioner seeks to have this Court reconsider its March 1, 2021 Order under Rule 60(b) and now construe his Petition for Writ of Habeas Corpus as a "Petition for Error Coram Nobis," he is not entitled to relief. "Coram nobis relief is not available in federal court to attack a state court conviction."[1] *Casas–Castrillon v. Warden*, No. 04–56262, 2008 WL 267335 at *1 (9th Cir. Jan. 8, 2008); *see also Madigan v. Wells*, 224 F.2d 577, 578 n. 2 (9th Cir. 1955) ("[T]he writ can issue, if at all, only in aid of the jurisdiction of the . . . court in which the conviction was had."); *cf. United States v. Morgan*, 346 U.S. 502, 505 n.4, (1954) (A petition for writ of error coram nobis

---

[1] Moreover, Petitioner fails to allege a basis for federal jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a). "[T]he All Writs Act empowers federal courts only to act to preserve their jurisdiction, which jurisdiction must have independent source in the law. . .." *Rendall v. Carey*, No. 02-CV-0568-WHA (PR), 2002 WL 1346354, at *2 n.3 (N.D. Cal. May 31, 2002) (citing *Jackson v. Vasquez*, 1 F.3d 885, 888-89 (9th Cir. 1993)). The All Writs Act "is not itself a source of jurisdiction." *Chavez v. Superior Court*, 194 F.Supp.2d 1037, 1039 (C.D. Cal. 2002) (rejecting use of All Writs Act to support jurisdiction over petition for writ of error coram nobis). "Thus, a federal district court has no jurisdiction under the All Writs Act to entertain a petition for writ of error coram nobis attacking a state conviction." *Young v. People*, No. 18-CV-2208-AG (E), 2018 WL 1662506, at *2 (C.D. Cal. Mar. 22, 2018); *Siddiqi v. Supreme Ct. of California*, No. 2:19-CV-01147-GW-MAA, 2019 WL 1045130, at *2 (C.D. Cal. Mar. 4, 2019).

"is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding."); *Finkelstein v. Spitzer*, 455 F.3d 131, 134 (2d Cir. 2006) (Agreeing with the Third, Fourth, Fifth, Seventh, Eighth and Tenth Circuits "that the district courts lack jurisdiction to issue writs of coram nobis to set aside judgments of state courts."); *Gonzales-Cervantes v. Napolitano*, No. 1:10-CV-00510-MJS (HC), 2010 WL 4813564 at *2 (E.D. Cal. Nov. 19, 2010) (the district court lacks jurisdiction to entertain a petition for coram nobis relief); *Siddiqi v. Supreme Ct. of California*, No. 2:19-CV-01147-GW-MAA, 2019 WL 1045130, at *2 (C.D. Cal. Mar. 4, 2019) (stating "coram nobis relief may be sought only from the court whose ruling is being challenged").

Finally, as noted above, this Court's March 3, 2021 Order directed Petitioner to file a First Amended Petition by April 30, 2021, which adequately alleged a constitutional violation and that he was in custody at the time the Petition was filed. (*See* Order, ECF No. 3 at 6.) Petitioner failed to do so, and Petitioner's current filings make it clear that he was not in actual or constructive custody at the time he filed his Petition. Therefore, he cannot proceed under 28 U.S.C. § 2254. *See Brock*, 31 F.3d at 889. Because amendment of the Petition would be futile, the Petition remains dismissed without further leave to amend.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's request for Rule 60(b) relief from judgement (ECF Nos. 9 & 11) and declines to construe his Petition as a Petition for Writ of Error Coram Nobis. Moreover, because Petitioner has failed to comply with this Court's Order directing him to file a First Amended Petition before April 30, 2021, and because such amendment would be futile, the case remains **DISMISSED** with no further leave to amend. The Court further **DECLINES** to issue a Certificate of Appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," and reasonable jurists would not find debatable this Court's assessment of his claims. *See* 28 U.S.C. § 2253(c); *see also* Rules Governing

§ 2254 Cases, Rule 11(a), 28 U.S.C. § foll. 2254 (requiring the district court that issues an order denying a habeas petition to either grant or deny a certificate of appealability). The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 19, 2021

Hon. Cathy Ann Bencivengo
United States District Judge