UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. ROSE, JR,<br>aka "Jason E. Roman, III",<br><br>                              Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>                              Respondent. | Case No.:  3:21-cv-0267-CAB-BGS<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

On February 8, 2021, Petitioner, proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. ECF Nos. 1 & 2. On March 1, 2021, the Court granted Petitioner's application to proceed in forma pauperis but dismissed the Petition without prejudice because Plaintiff failed to state a cognizable federal claim and failed to allege he was in custody at the time of filing, as required under 28 U.S.C. § 2254. *See* ECF No. 3 at 3–5, *citing Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994) ("Subject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody pursuant to the judgment of a State.'") The Court notified Petitioner that in order to have his case reopened, he needed to file a First Amended Petition which cured the pleading deficiencies outlined in the Order, no later than April 30, 2021. *Id.* at 6.

On March 5, 2021, Petitioner filed a "Motion to Clarify" the ruling in which he argued the Court improperly construed his Petition entitled "Manifest Injustice or Habeas Corpus" as one filed under 28 U.S.C. § 2254. ECF No. 5. In its March 9, 2021 Order, the Court noted it "is unaware of anything known as a 'Petition for Manifest Injustice'" and stated that "unless Petitioner complies with the requirements set out in the dismissal order, this action shall remain dismissed." ECF No. 6 at 2.

Petitioner failed to file a First Amended Petition by the April 30, 2021 deadline. On April 14, 2021, however, Petitioner filed a document entitled "Petition for Writ of Error Coram Nobis and Pursuant to Rule 60(b)(4)," which this Court construed as a Request for Relief from Judgment. ECF No. 9 at 1. Petitioner filed an "Addendum" to his request on May 12, 2021. ECF No. 11. On May 19, 2021, the Court denied Petitioner's motion and because amendment of the petition would be futile, the case remained dismissed without further leave to amend and a certificate of appealability was denied and the case was closed. ECF No. 14. On June 17, 2021, Petitioner filed another Motion for Reconsideration (ECF No. 16) which this Court denied on June 28, 2021. ECF No. 17.

Petitioner filed a Notice of Appeal to the United States Court of Appeals for the Ninth Circuit on July 23, 2021, challenging the dismissal of his petition. *See* ECF No. 19. On October 22, 2021, Petitioner attempted to file a "Petition to Produce Transcript" in which he sought "a copy of the records that took place with the late Honorable Judge Harold B. Turrentine." ECF No. 21-1 at 1. In the document, Petitioner contended that these records "will establish Petitioner's innocence." *Id.* The Court rejected the document for filing because the case was closed. ECF No. 21. Petitioner then filed another Notice of Appeal to the United States Court of Appeals for the Ninth Circuit, appealing this Court's rejection of the document for filing. ECF No. 22. On December 1, 2021, the Ninth Circuit remanded the case for the limited purpose of determining whether a Certificate of Appealability should issue on Petitioner's "October 26, 2021 post-judgment order rejecting appellant's 'petition to produce transcript.'" *See* ECF No. 24.

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition," and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a certificate of appealability). Specifically, the federal rules governing habeas cases brought by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. 28 U.S.C. § 2253(c)(3).

Here, Petitioner has not made such a showing. Petitioner's "Petition to Produce Transcript" was submitted for filing well after the case was closed. In addition, the transcripts he seeks, assuming they exist,[1] are irrelevant to the Court's jurisdiction under 28 U.S.C. § 2254. As discussed in the original March 1, 2021 dismissal order, this Court lacks jurisdiction because Petitioner has failed to allege he was in state custody at the time of filing, as required under 28 U.S.C. § 2254. *See* ECF No. 3 at 3–5, *citing Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994) ("Subject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody pursuant to the judgment of a State.'"). Obtaining the "transcript" of a hearing that took place at least 10 years ago[2] would not solve the jurisdictional issue in this case because it would not show that Petitioner was in actual or constructive custody at the time he filed

/ / /

---

[1] A search of this Court's CM/ECF system failed to show any case, civil or criminal, involving Petitioner James E. Rose (or his alias, "Jason E. Roman") that was presided over by former United States District Judge Howard Turrentine. Indeed, the only other case involving Petitioner is a civil rights action filed in Case No. 20cv0760-JLS-WVG in which Petitioner also sought to have records from a hearing purportedly conducted by Judge Turrentine produced. *See* Case No. 3:20-cv-0760-JLS-WVG, ECF No. 1. The complaint was dismissed as frivolous on June 2, 2020. *See id.*, ECF No. 5.

[2] United States District Judge Howard B. Turrentine passed away in 2010.

his Petition on February 28, 2021. Accordingly, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated:  December 2, 2021

Hon. Cathy Ann Bencivengo
United States District Judge